UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

BASHAIR HOGAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. ANTHONY CANALE, Tax ID. 944407, Individually and in his Official Capacity, P.O. TIMMOTHY RIZZO, Tax ID 939325, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Index #:
15-CV-3634

---

Plaintiff, BASHAIR HOGAN, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, BASHAIR HOGAN, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about September 27, 2013, at approximately 10:30 p.m., plaintiff BASHAIR HOGAN, was lawfully present in front of his home at 163-11 Foch Boulevard in Queens County in the State of New York.

14. At that time and place, the defendant officers approached plaintiff's neighbor and placed her under arrest.

15. Believing that the defendants were utilizing unnecessary force in effectuating that arrest, plaintiff began to film the incident on his cellular phone.

16. Thereafter, and without provocation, one of the officers initiated physical contact with the plaintiff.

17. Plaintiff reacted to the contact, and the officer pulled out a metal asp.

18. In response plaintiff turned and ran, but soon stopped, and surrendered.

19. Defendant officers caught up with plaintiff and began to beat him even though he did not resist or fail to comply with any legitimate command in any way.

20. Defendants beat plaintiff about the head and body, causing bruising, lacerations, and a broken nose.

21. At no time on September 27, 2013 did plaintiff present any threat of physical force to the defendant officers or any other individual or property.

22. At no time on September 27, 2013 did plaintiff commit any crime or violation of law.

23. The defendants did not possess probable cause to arrest plaintiff.

24. The force employed by the defendants was objectively unreasonable and was not privileged in any way.

25. Defendants thereafter handcuffed plaintiff and transported him to a nearby police precinct.

26. In connection with plaintiff's arrest, defendants filled out false and/or misleading

police reports and forwarded them to prosecutors at the Queens County District Attorney's Office.

27. As a result of the defendants' conduct, the plaintiff was charged with Resisting Arrest and Unlawful Possession of Marijuana.

28. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately twenty-four hours in custody.

29. Despite defendants' actions, the charges against plaintiff were adjourned in contemplation of dismissal.

30. As a result of the foregoing, plaintiff BASHAIR HOGAN sustained, *inter alia*, physical injury, including but not limited to a broken nose, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, BASHAIR HOGAN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SECOND CLAIM FOR RELIEF
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39. Plaintiff, BASHAIR HOGAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

41. As a result of the foregoing, plaintiff, BASHAIR HOGAN, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

42. Plaintiff, BASHAIR HOGAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

43. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

44. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

45. As a result of the foregoing, plaintiff, BASHAIR HOGAN, suffered deprivation of his liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF FOR DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

46. Plaintiff BASHAIR HOGAN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

47. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Queens County District Attorney's Office.

48. As a result, plaintiff suffered deprivation of his liberty, as he was detained for over one month.

49. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated, without probable cause.

## FIFTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

50. Plaintiff, BASHAIR HOGAN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

51. Defendants arrested and incarcerated plaintiff, BASHAIR HOGAN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

52. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

54. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

55. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

56. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate

indifference to the safety, well-being and constitutional rights of plaintiff, BASHAIR HOGAN.

57. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       June 18, 2015

                                  Respectfully submitted,

                                  **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                                  *Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
        80 Maiden Lane, 12th Floor
        New York, New York 10038
        (212) 962-1020

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

BASHAIR HOGAN,

                  *Plaintiff,*

-against-

THE CITY OF NEW YORK, P.O. ANTHONY CANALE, Tax ID 944407, Individually and in his Official Capacity, P.O. TIMMOTHY RIZZO, Tax ID 939325, Individually and in his Official Capacity, and Police Officers "John Doe" 1-3, Individually and in their Official Capacities, the names "John Doe" being fictitious as the true names are not presently known,

                  *Defendants.*

---

## SUMMONS AND COMPLAINT

---

### LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**Financial Square at 32 Old Slip - 8th FL**
**New York, New York 10005**
**(212) 962-1020**

---

TO:

Corporation Counsel
CITY OF NEW YORK
c/o New York City Law Dept
100 Church Street
New York, New York 10007

P.O. Anthony Canale, Tax ID 944407
c/o New York City Police Dept-113th Precinct
16702 Baisley Boulevard
Jamaica, NY 11434

P.O. Anthony Canale, Tax ID 944407
c/o New York City Police Dept-113th Precinct
16702 Baisley Boulevard
Jamaica, NY 11434

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                     Matthew Shroyer